```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                     EASTERN DIVISION


NORMAN V. HOPKINS,                 )
                                   )
            Petitioner,            )
                                   )
      v.                           )       No. 4:09 CV 1095 DDN
                                   )
 TROY STEELE,                      )
                                   )
            Respondent.            )
```

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This habeas corpus action is before this court on the motion of the petitioner Norman V. Hopkins to withdraw his consent to the exercise of plenary authority by a magistrate judge under 28 U.S.C. § 636(c) (and for possible de novo review of the matter by a district judge.) (Doc. 29.) For the reasons set forth below, the undersigned concludes petitioner knowingly consented to the exercise of authority by a magistrate judge under § 636(c), and therefore his motion should be denied.

### I.  BACKGROUND

On July 13, 2009, petitioner Hopkins filed the instant pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The case was assigned to the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 1)

On July 16, 2009, petitioner Hopkins signed a preprinted form which indicated his consent to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). The language of the form was as follows:

> CONSENT TO JURISDICTION BY
> UNITED STATES MAGISTRATE JUDGE
>
> In accordance with the provisions of Title 28, U.S.C. Sec. 636(c)(1), the undersigned (party*) (counsel of record for __/s/ Norman Hopkins__ ) in the above-captioned civil matter hereby voluntarily consents to have a United States

> Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of a final judgement, with direct review by the Eighth Circuit Court of Appeals if an appeal is filed.
>
> Date:   July 16, 2009         /s/ Norman Hopkins
>                               Signature
>                               Print Name:   /s/ Norman Hopkins

(Doc. 7.) The same form provided a place for the party to indicate that the party "elects to have this case randomly assigned to a United States District Judge." On the form filed with the court by petitioner, the district judge option is blank. (Id.) On a similar form, counsel for respondent signed the portion of the form that consented to the exercise of plenary authority by a magistrate judge under § 636(c)(1). (Id.) These forms, indicating that all of the parties in the civil case consented to the § 636(c)(1) authority by the magistrate judge, were filed of record on September 9, 2009. (Id.)

Thereafter, on January 25, 2010, upon order of the undersigned, petitioner filed an amended habeas petition. (Doc. 27.) Respondent filed a timely response. (Doc. 28.)

On July 1, 2010, petitioner moved to withdraw his consent, on the grounds that he was not "knowledgeably clear" about consent, that he believed a magistrate judge would issue a recommendation only, and that an order disposing of the petition would be made by a district judge. (Doc. 29.)

## II.  DISCUSSION

Article III of the Constitution provides a litigant in a federal habeas corpus case the right to have the case presided over by a district judge whose authority is safeguarded by Article III. Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Refining Corp., 739 F.2d 1313, 1315 (8th Cir. 1984)(en banc). Constitutional rights, however, may be waived if done voluntarily and intelligently. Schriro v. Landrigan, 550 U.S. 465, 483 (2007). Ordinarily a party who has validly consented to proceed before a magistrate pursuant to 28 U.S.C. § 636(c) has waived the right to proceed before a district judge, and there is no absolute right to withdraw that consent. United States v. Neville, 985 F.2d 992,

1000 (9th Cir. 1993); Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987); 12 Charles Allan Wright, Arthur R., Miller, & Richard L. Marcus, Federal Practice and Procedure § 3071.3 (2d ed. 1997).

However, § 636(c)(4) provides that a court may vacate the subsection 636(c) reference of the case to the magistrate judge, on its own motion for good cause or on motion of a party for extraordinary circumstances. 28 U.S.C. § 636(c)(4). The factors a court may in its discretion consider are: (1) undue delay; (2) inconvenience to the court and witnesses; (3) prejudice to the parties; (4) whether the movant is acting pro se; (5) whether consent was voluntary and uncoerced; (6) whether the motion is made in good faith or is dilatory and contrived; (7) the possibility of bias or prejudice on the part of the magistrate judge; and (8) whether the interests of justice would best be served by holding a party to his consent. Carter, 816 F.2d at 1021; Skinner v. Pemiscot County, Mo., No. 1:07 CV 96 LMB, 2010 WL 135219, at *1 (E.D. Mo. Jan. 12, 2010).

After reviewing the record, the undersigned finds and concludes that petitioner's motion should be denied. The undersigned finds no evidence, other than petitioner's bare allegations, supporting his assertion that he was confused about what he was consenting to. The documents described above are clear that petitioner was consenting to a magistrate judge reviewing his habeas case, including the entry of final judgment, with any direct review being conducted by the Eighth Circuit Court of Appeals. Therefore, it does not appear to the undersigned that there was any confusion in the mind of the petitioner. The undersigned also finds petitioner's delay in seeking to withdraw his consent, nearly one year, does not weigh in his favor.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of petitioner Norman Hopkins to withdraw his consent (Doc. 29) is denied.

**IT IS FURTHER ORDERED** that the Clerk randomly reassign this action to a district judge for further proceedings recommended below.

**IT IS HEREBY RECOMMENDED** that the district judge conduct a de novo review of this Order and Recommendation pursuant to 28 U.S.C. § 636(c)(4).


    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 19, 2010.