NORMAN V. HOPKINS,            )
                             )
            Petitioner,      )
                             )
      vs.                    )        No. 4:09CV1095-DJS
                             )
TROY STEELE,                 )
                             )
            Respondent.      )

## ORDER

This matter is before the Court upon the order and recommendation of the United States Magistrate Judge, recommending the denial of petitioner Norman V. Hopkins' motion to withdraw his consent to the exercise of plenary authority by a magistrate judge under 28 U.S.C. § 636(c). Pursuant to 28 U.S.C. § 636(c)(4), the Court will conduct a de novo review of petitioner's motion.

While Article III of the Constitution provides a litigant in a federal habeas corpus case the right to have the case presided over by a district judge, an individual litigant can waive that right. Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Refining Corp., 739 F.2d 1313, 1315 (8th Cir. 1984)(en banc). Once a litigant has waived the right to have his case heard by a district judge by consenting to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), there is no absolute right to withdraw that consent. United States v. Neville, 985 F.2d 992, 1000 (9th Cir. 1993); Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987). A district court, however, may vacate a reference of

a civil matter to a magistrate judge "for good cause shown on its own motion" or "under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4). In deciding whether good cause or extraordinary circumstances have been shown, courts previously have considered factors such as: (1) undue delay; (2) inconvenience to the court and witnesses; (3) prejudice to the parties; (4) whether the movant is acting pro se; (5) whether consent was voluntary and uncoerced; (6) whether the motion is made in good faith; (7) possible bias or prejudice on the part of the magistrate; and (8) whether the interests of justice would be best served by holding a party to his consent. Carter, 816 F.2d at 1021.

In this case, petitioner argues that he did not understand the consent form when he signed it. He states that he believed that the magistrate judge would only issue recommendations and that any order disposing of his habeas corpus petition would be made by a district judge. He argues that he did not understand the consent form he signed because it was "nonexplanatory." Doc. #29, p. 3. Petitioner also cites his status as an uncounseled, pro se litigant as further support to withdraw his consent. Petitioner does not present any other reasons for vacating the reference.

The form signed by petitioner presents two very clear options: to have the case assigned to either a magistrate or a district judge. The form states that consenting to the magistrate will allow the magistrate judge to "conduct any and all further proceedings in the case, including trial and entry of a final

2

judgment, with direct review by the Eighth Circuit Court of Appeals if an appeal is filed." Doc. #7. Given the clear nature of the form, pro se litigants do not need counsel to understand it. The Court concludes that petitioner's consent was knowing and voluntary. Further, the Court has weighed the additional factors, particularly petitioner's delay in seeking to withdraw his consent, the lack of bias or prejudice on the part of the magistrate judge, and the interests of justice in holding petitioner to his consent. The Court does not find good cause for vacating the reference to the magistrate, and the Court finds that petitioner has not demonstrated extraordinary circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that the magistrate judge's order and recommendation [Doc. #31] is accepted and adopted.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this action back to United States Magistrate Judge David D. Noce for all further proceedings.

Dated this ____27th____ day of October, 2010.


/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE